UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAMAR WILEY,

        Petitioner,                      Case Number: 06-12875

v.                                      HON. GEORGE CARAM STEEH

SHERRY BURT,

        Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL

      Petitioner Namar Wiley is a state inmate currently incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

      Rule 4, Rules Governing Section 2254 cases, provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

      In his petition, Petitioner presents a single claim for habeas corpus relief, that the sentencing court abused its discretion when it sentenced him beyond the sentencing guidelines range without substantial and compelling reasons.

      It is well-established that "'federal habeas corpus review does not lie for errors of state

Dockets.Justia.com

law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991), *quoting* Louis v. Jeffers, 497 U.S. 764, 780 (1990). Whether a sentencing court had substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. Welch v. Burke, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999). *See also* Howard v. White, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (holding that a state court's application of sentencing guidelines is a matter of state concern only). Thus, the petition presents only a state law claim which may not form the basis for habeas corpus relief.

Accordingly, the Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief and **DISMISSES** the petition for a writ of habeas corpus.

**SO ORDERED**.

Dated: July 11, 2006

>S/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 11, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee

Deputy Clerk

---